IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Mirza Hyder Ali; and All Others Similarly Situated** <br> **Plaintiffs,** <br><br> v. <br><br> **Syed Atif Uddin, Syed Khashif Uddin, Mukhtar, Inc., and AK Express, Inc.,** <br> **Defendants.** | Civil Action <br> File No. <br><br> Jury Demanded |

## PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Mirza Hyder Ali ("Mr. Ali" or "Plaintiff"), and all others similarly situated, and complain of Defendants Syed Atif Uddin, Syed Khashif Uddin, Mukhtar, Inc., and AK Express, Inc. (hereinafter collectively referred to as "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Mirza Hyder Ali and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover their unpaid overtime wages from the Defendants.

2. Defendants Syed Atif Uddin and Syed Khashif Uddin own and operate several gasoline stations and convenience stores in and around Houston, Texas ("Gas Stations").

3. In violation of Section 207(a) of the FLSA, the Defendants failed to pay Mr. Ali and Members of the Plaintiff Class overtime wages. Mr. Ali and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for which they received no overtime pay.

4. Defendants Syed Atif Uddin and Syed Khashif Uddin have a uniform enterprise-wide policy of not paying overtime wages to their Gas Station clerks.

1

5.     This collective action thus seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Ali and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6.     Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff, **Mirza Hyder Ali**, is a resident of Harris County, Texas. Plaintiff was an employee who worked for the Defendants as a clerk at several of their Gas Stations.

9.     **Members of the "Plaintiff Class"** are current and former similarly situated non-exempt employees of Defendants whose duties were those of a typical Gas Station clerk employed by the Defendants.

10.    Defendant, **Syed Atif Uddin,** is an individual who may be served at his place of business at 3110 North Fry Road, Katy, Texas 77449. This Defendant owns and operates one or more Gas Stations, directly or by his ownership in legal entities that own and operate Gas Stations that are engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class. This Defendant is responsible for creating the enterprise-wide violations of the FLSA that are alleged herein.

11.    Defendant, **Syed Khashif Uddin,** is an individual who may be served at his place of business at 3110 North Fry Road, Katy, Texas 77449. This Defendant owns and operates one or more Gas Stations, directly or by his ownership in legal entities that own and operate Gas Stations that are engaged in interstate commerce or in the production of goods for interstate

commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class. This Defendant is responsible for creating the enterprise-wide violations of the FLSA that are alleged herein.

12. Defendant, **Mukhtar, Inc.,** is a Texas corporation wholly owned and controlled by Defendants Syed Atif Uddin and Syed Khashif Uddin. This Defendant may be served with summons and complaint by serving its director and officer, Syed Khashif Uddin, at 3110 North Fry Road, Katy, Texas 77449. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class; and, by operating the Gas Station(s), this Defendant is engaged in business in the State of Texas.

13. Defendant, **AK Express, Inc.,** is a Texas corporation wholly owned and controlled by Defendants Syed Atif Uddin and Syed Khashif Uddin. This Defendant may be served with summons and complaint by serving its duly appointed registered agent, Syed Khashif Uddin, at 3110 North Fry Road, Katy, Texas 77449. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Members of the Plaintiff Class; and, by operating the Gas Station(s), this Defendant is engaged in business in the State of Texas.

14. Whenever this complaint alleges that the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

15. All similarly situated Gas Station clerks under the control of the individual Defendants must be included in this collective action. Upon information and belief, Defendants

Syed Atif Uddin and Syed Khashif Uddin own and operate Gas Stations via their ownership in legal entities other than Defendants Mukhtar, Inc. and AK Express, Inc., and Plaintiff respectfully seeks the Court to order the individual Defendants to disclose all such legal entities so as to fully identify all members of this collective action to whom notice may be sent.

## IV.
## FLSA COVERAGE

16. For purposes of this action, the "relevant period" or "class period" is the statute of limitations period expressly set forth in the FLSA, and is thus the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of jury verdict and judgment.

17. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

18. During the relevant period, Mr. Ali and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

19. During the relevant period, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

20. During the relevant period, the Defendants were an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

21. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

22. For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

4

23. During the relevant period, Plaintiff and each Member of the Plaintiff Class was an employee engaged in commerce or in the production of goods for commerce. Each employee's work as a Gas Station clerk required the handling and sale goods that had travelled into Texas from outside the state. Such goods included, without limitation, gasoline, food items, cigarettes and cleaning supplies. Each employee also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment and gasoline pumps and gasoline dispensing stations. Each employee also utilized instrumentalities of interstate commerce, including processing credit cards as payment from Gas Station customers, and selling lotto tickets for a nationwide lottery.

## V.
### COLLECTIVE ACTION ALLEGATIONS

24. Mr. Ali seeks collective action certification under 29 U.S.C. § 216(b), asking the Court to certify a class of similarly situated individuals whose duties, like Mr. Ali, were those of a Gas Station clerk employed by the Defendants during the class period.

25. In accordance with the standard now set forth in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), Plaintiff seeks the Court to identify, at the outset of the case, such facts and legal considerations that will be material to determine whether a group of employees is similarly situated to Mr. Ali, then authorize preliminary discovery, prior to considering Plaintiff's motion for notices to be sent to the potential opt-in plaintiffs in this case.

26. Defendants Syed Atif Uddin and Syed Khashif Uddin have engaged in wide-spread violations of the FLSA because the policies and practices they have employed at their Gas Stations enable non-payment of overtime wages in violation of 29 U.S.C. § 207(a)(1).

27. Furthermore, by failing to document overtime pay, the Defendants have committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

28. Defendants' uniform enterprise-wide policy of non-payment of overtime to all Gas Station clerks is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

29. Mr. Ali's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime wages; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

30. All current and former Gas Station clerks employed by business establishments that Defendants Syed Atif Uddin and Syed Khashif Uddin owned / controlled (whether directly or through their ownership in legal entities), who at any time during the relevant period were denied overtime in any given workweek may properly be included as members of the Plaintiff Class.

31. Thus, the class Mr. Ali seeks to represent pursuant to 29 U.S.C. § 216(b) is comprised of <u>all Gas Station clerks who did not receive overtime during any workweek falling within the class period</u>.

32. Each individual who opts into the collective action will be added to this litigation, and his or her notice of consent to join this collective action will be filed with the Court.

## VI.
### FACTS

33. Defendants employed Mr. Ali as a clerk at several of their Gas Stations from November 1, 2019, until November 1, 2020.

34. At the outset of his employment, Defendants informed Mr. Ali that he will be working more than 40 hours a week and also informed his that he will not receive any portion of

6

his wages at the overtime premium required by the FLSA.

35. During his employment, Mr. Ali indeed worked well in excess of 40 hours a week.

36. Mr. Ali's pay rate was $11.00 per hour.

37. Defendants knowingly and willfully failed to pay Mr. Ali's overtime wages.

38. Similarly, Defendants knowingly and willfully failed to pay overtime to each Gas Station clerk who worked for them during the class period.

39. Plaintiff now sues for the unpaid overtime wages the Defendants owe for his weekly overtime hours worked. Plaintiff also seeks a collective action on behalf of all similarly situated Gas Station clerks who did not receive their overtime wages from the Defendants.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

### *Violation of 29 U.S.C. § 207(a) –*
### *Failure to pay overtime wages to Mr. Ali and to all others similarly situated*

40. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41. Plaintiff and all similarly situated Gas Station clerks were non-exempt under the FLSA because all such individuals were paid on an hourly basis. Therefore, no exemption excused payment overtime wages.

42. During their employment with the Defendants, Plaintiff and Members of the Plaintiff Class worked overtime hours on a weekly basis, and Defendants were aware these individuals worked more than 40 hours a week.

43. Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice, week after week, year after year, of not paying overtime to their Gas Station clerks. In violation of 29 U.S.C. § 207(a), the Defendants have engaged in a wide-spread practice of requiring their Gas Station clerks to work overtime without proper pay. Defendants

informed Plaintiff and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

44. Plaintiff and Members of the Plaintiff Class received no overtime wages, which they now seek from the Defendants.

45. Plaintiff and Members of the Plaintiff Class also seek liquidated damages in amounts equaling the unpaid overtime wages.

46. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

47. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

48. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Mirza Hyder Ali and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief against Defendants Syed Atif Uddin, Syed Khashif Uddin, Mukhtar, Inc. and AK Express, Inc., jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated Gas Station clerks who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants' violations of the FLSA are willful;

d.  Order the Defendants to pay all overtime wages and liquidated damages owed to Plaintiff and to Members of the Plaintiff Class;

e.  Order Defendants to pay reasonable attorney's fees and all costs of the action pursuant to 29 U.S.C. §216(b);

f.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

g.  Order all further relief, whether legal, equitable or injunctive, necessary to effectuate full relief to Plaintiff and Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for:
Plaintiff Mirza Hyder Ali, and
Members of the Plaintiff Class